IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                              CASES NO. 4:13cr10-RH/CAS
                                                           4:18cv43-RH/CAS
KIMBERLY D. WATSON,

      Defendant.

_____/

**ORDER DENYING THE MOTION TO RECUSE,
DENYING THE § 2255 MOTION, AND
<u>DENYING A CERTIFICATE OF APPEALABILITY</u>**

      The defendant Kimberly D. Watson moved under 28 U.S.C. § 2255 for relief from her judgment of conviction. The magistrate judge entered a report and recommendation concluding the motion should be denied. ECF No. 246. Ms. Watson filed objections, ECF No. 247, and a motion to recuse both the magistrate judge and me, ECF No. 248. I have reviewed de novo the motion to recuse and the issues raised by the objections.

      The motion to recuse is based entirely on rulings in this case. Under the statute governing recusal, 28 U.S.C. § 455, bias requiring recusal "must arise from an extrajudicial source, except in the rare case 'where such pervasive bias and

prejudice is shown by otherwise judicial conduct as would constitute bias against a party.' " *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (quoting *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir.1975)). Unless a defendant can show pervasive bias, "a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Ms. Watson asserts some of my rulings were wrong. I believe the rulings were correct, but either way, the rulings are not a basis for recusal.

On the merits, this order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Ms. Watson has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The motion to recuse, ECF No. 248, is denied.

2. The report and recommendation, ECF No. 246, is accepted and adopted as the court's opinion.

3. The § 2255 motion, ECF No. 232, is denied.

4. The clerk must enter a judgment.

5. The clerk must close No. 4:18cv43.

6. A certificate of appealability is denied.

SO ORDERED on March 22, 2020.

                                                  s/Robert L. Hinkle
                                                  United States District Judge